**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1046
adevlin-brown@cov.com

**Via Electronic Case Filing System**                                                         June 15, 2023

Hon. Loretta A. Preska
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

   **Re:  *United States v. Smart Agunbiade*, 21 Cr. 609 (LAP)**

Dear Judge Preska:

   I write on behalf of my client, Smart Agunbiade, to seek an adjournment of Mr. Agunbiade's sentencing date, which is currently scheduled for June 29, 2023, to a date after November 1, 2023 when certain amendments to the Federal Sentencing Guidelines applicable to Mr. Agunbiade's case are scheduled to go into effect.[1]  The amendments include a new section §4C1.1, which contains a downward adjustment for certain offenders with zero criminal history points.  They also contain a revised §5C1.1 that recommends an additional downward departure for certain zero-point offenders who qualify for an adjustment under §4C1.1.  In particular, the revised §5C1.1 recommends that a downward departure to a sentence other than a term of incarceration may be appropriate for some of those defendants, which reflects significant new guidance from the Sentencing Commission about the appropriateness of non-custodial sentences for defendants with limited criminal histories.  We anticipate arguing that both sections apply to Mr. Agunbiade—who has no criminal history points—and that the Court should take the new sections into account when calculating Mr. Agunbiade's offense level and when imposing sentence.

   In addition, the Sentencing Commission is currently evaluating whether to make its proposed rule retroactive,[2] which, if enacted, may result in Mr. Agunbiade becoming eligible for a modification in his sentence under 18 U.S.C. § 3582(c)(2).  *See United States v. Fairley*, 106 F. Supp. 3d 366, 367 (S.D.N.Y. 2015) (re-sentencing a defendant pursuant to 18 U.S.C. §

---

[1] Adopted Amendments (Effective November 1, 2023), United States Sentencing Commission (last visited June 15, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

[2] Request for Comment on Parts A and B of the Criminal History Amendment, Relating to "Status Points" and Certain "Zero-Point" Offenders (last visited June 15, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-IFC.pdf.

**COVINGTON**

500 Pearl Street
New York, New York 10007
June 15, 2023
Page 2

3582(c)(2) based on retroactive applicability of amendment to Sentencing Guidelines).  Thus, if the Court were to sentence Mr. Agunbiade prior to November, there would be a real risk that Mr. Agunbaide's sentence would be subject to modification as early as this year.  I therefore respectfully request an adjournment of the sentencing date to after November 1, 2023 so that Mr. Agunbiade can obtain the benefit of the new amendments to the Guidelines.

In the alternative, if the Court denies the request for an adjournment to November 2023, I also respectfully request a two-week adjournment of Mr. Agunbiade's sentencing to a date in the week of July 10, 2023.  We are preparing Mr. Agunbiade's sentencing submission, and we anticipate needing another short extension in order to collect letters of support from Mr. Agunbiade's family.  The government has no objection to a request for a two-week adjournment, but has indicated that it would oppose an adjournment until November.

```
Mr. Agunbiade's sentencing is adjourned.
The parties shall appear for sentencing
on July 13, 2023, at 2:30 PM in
Courtroom 12A.

SO ORDERED.

_Loretta A. Presken_
6/27/2023
```

Respectfully submitted,

 */s/ Arlo Devlin-Brown*
Arlo Devlin-Brown